(994 P.2d 666)

No. 80,218

STEPHANIE ANN GROSS, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

Opinion filed January 7, 2000.

*Michael S. Holland*, of Russell, for appellant.

*Brian Cox*, of the Kansas Department of Revenue, for appellee.

Before KNUDSON, P.J., ROBERT J. FLEMING, District Judge, assigned, and RICHARD M. SMITH, District Judge, assigned.

FLEMING, J.: Stephanie Ann Gross appeals the trial court's judgment affirming the Kansas Department of Revenue's (KDR) suspension of her driver's license.

During the early morning hours of June 19, 1994, law enforcement officers were conducting a sobriety check lane in Hays, Kansas. As Gross entered the check lane and stopped her vehicle, one of the police officers conducting the sobriety check lane approached her vehicle. The officer's observation of Gross' driving conduct as she approached in the check lane and stopped her ve-

hicle was very limited, and there was nothing about her driving which indicated possible impairment. However, as the officer approached Gross' vehicle, he detected the odor of alcohol and observed a glazed look in Gross' eyes. Gross admitted that she had consumed a few beers.

The officer then asked her to exit the vehicle and perform a field sobriety test. Gross consented and, for the most part, performed the test satisfactorily. Next, even though the officer had not observed any behavior by Gross, in retrieving her driver's license, exiting the vehicle, or her speech, which indicated impairment, the officer asked her to perform a preliminary breath test (PBT). The test was conducted, and the results indicated a probability of excess alcohol concentration. Gross was then arrested for driving under the influence; she was given the implied consent advisory and submitted to a breath test with the Intoxilyzer 5000. The test results were .102.

KDR then suspended Gross' license for failing the test. Gross appealed to the trial court, which affirmed KDR's suspension of Gross' driver's license. This appeal followed.

Gross raises three issues on appeal. First, she contends that the trial court erred in finding that the officer had probable cause to believe she was operating her vehicle while under the influence of alcohol.

"In a DUI case, the answer to the probable cause to arrest question will depend on the officer's factual basis for concluding that the defendant was intoxicated at the time of arrest. Thus, an appellate court's review of the trial court's determination of whether an officer had probable cause to make a warrantless arrest in a DUI case is a mixed question of law and fact." *City of Dodge City v. Norton*, 262 Kan. 199, 203, 936 P.2d 1356 (1997).

We begin our inquiry by examining K.S.A. 1998 Supp. 8-1012. It provides:

"A law enforcement officer may request a person who is operating or attempting to operate a vehicle within this state to submit to a preliminary screening test of the person's breath to determine the alcohol concentration of the person's breath if the officer has reasonable grounds to believe that the person: (a) Has alcohol in the person's body."

Probable cause is synonymous with the statutory term "reasonable grounds." *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 767, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988).

The court's interpretation of a statute is a question of law over which appellate review is unlimited. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). We find K.S.A. 1998 Supp. 8-1012 to be clear and unambiguous. It does not, as Gross suggests, require probable cause to believe that she was operating her motor vehicle while under the influence of alcohol. Rather, it simply provides that the officer must have probable cause to believe that she had alcohol in her body.

Here, the officer detected the odor of alcohol and observed that Gross' eyes were glazed; most significantly, Gross admitted that she had consumed a few beers earlier in the evening.

KDR argues the trial court was without jurisdiction to determine whether the request for the PBT was proper, relying on K.S.A. 1998 Supp. 8-1002(h)(2). We disagree. Under K.S.A. 1998 Supp. 8-1002(h)(2)(A), the reasonableness of the officer's belief is within the jurisdiction of the reviewing court. We conclude that the trial court's review was proper and that the trial court correctly determined that K.S.A. 1998 Supp. 8-1012 does not require a finding of probable cause before administering a PBT.

Gross' second argument is that the PBT is a search and seizure and is unconstitutional unless the investigating officer has probable cause to believe that a crime has occurred. This argument lacks legal merit. The cases relied upon by Gross in her brief either refer to invasive blood tests or testing that occurs after arrest. Understandably, in those instances the Fourth Amendment to the United States Constitution is clearly implicated, and probable cause to arrest or search is ordinarily required.

Gross was not under arrest. The officer was conducting a continuing investigation after forming a reasonable suspicion Gross had been driving under the influence. K.S.A. 1998 Supp. 8-1012 specifically authorizes the officer to *request* a PBT. The PBT is an unobtrusive procedure given in conjunction with other field sobriety tests to reach a decision whether an arrest should occur. Under these circumstances, the issue under the Fourth Amendment is

not one of probable cause but whether a request for a PBT is reasonable. We hold K.S.A. 1998 Supp. 8-1012 provides adequate safeguards to insure reasonableness and, when followed, does not run afoul of the Fourth Amendment.

Finally, Gross contends that the trial court erred by admitting into evidence the results of her PBT without laying a proper foundation. No objection was made at the administrative level. A claim of error cannot, therefore, be made for the first time at the trial court level. See *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, 328, 851 P.2d 1385, *rev. denied* 253 Kan. 864 (1993); *Angle*, 12 Kan. App. 2d at 764-65.

Affirmed.