No. 82,243

STATE OF KANSAS, *Appellee*, v. SHAWN M. JONES, *Appellant*.

(17 P.3d 359)

Opinion filed January 26, 2001.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause and was on the brief for appellant.

*Thomas R. Stanton*, assistant county attorney, argued the cause, and *Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the appellant, Shawn M. Jones, from his conviction for possession of methamphetamine, possession of amphetamine, obstruction of legal process, possession of marijuana, and possession of drug paraphernalia. The Court of Appeals, in *State v. Jones*, 27 Kan. App. 2d 476, 5 P.3d 1012 (2000), considered whether the district court should have granted Jones' motion to suppress the evidence and affirmed the conviction. This court granted review. We affirm.

The sole issue in this case is whether Jones' Fourth Amendment rights were violated when a law enforcement officer asked him his name and date of birth after a routine traffic stop in which Jones was a passenger and not the driver of the vehicle.

Jones was a passenger in a vehicle driven by Shawn Miller in Salina, Kansas. Law enforcement officer Patrick Goss stopped the vehicle driven by Miller for speeding. Goss requested and obtained Miller's driver's license. He also requested Jones' driver's license. Jones replied that he did not have any identification but provided his name and date of birth.

Goss testified that his only intention was to give Miller a citation for speeding, but that it was his "standard operating procedure" to obtain identification from every person in a vehicle and run a records check on the passengers. His purpose in doing so was to identify the passengers so that they would be available to testify in any court proceeding that might arise out of the traffic citation.

Goss returned to his patrol car and "ran" Miller's driver's license, as well as Jones' name and date of birth. The dispatcher told Goss that there was an outstanding warrant on Jones.

Goss returned to the vehicle and asked Jones to step out. As Jones exited the vehicle, he turned and ran. Jones was apprehended. During a search of Jones' coat, Goss discovered items he believed to be narcotics and other contraband. Subsequent laboratory tests determined that they were. Jones was convicted and this appeal followed. The Court of Appeals affirmed the convictions and we granted review.

Jones argues that the district court erred in denying his motion to suppress and that Goss violated his Fourth Amendment right to be free from an unreasonable search and seizure when he asked him for his name and date of birth following a routine traffic stop in which Jones was merely a passenger.

When the facts material to a decision of the court on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law over which this court has unlimited review. *State v. Kimberlin*, 267 Kan. 659, 662, 984 P.2d 141 (1999).

The problem with Jones' argument in this case is that once Goss determined there was a warrant out for Jones' arrest, Goss had a right to arrest Jones, whether he had been lawfully or unlawfully detained at that point in time. Once Goss had a right to lawfully arrest Jones on the outstanding warrant, Goss had a right to search him incident to the arrest. See *United States v. Green*, 111 F.3d

515, 521 (7th Cir. 1997). In *Green*, law enforcement officers were looking for a man by the name of Williams. They thought he might be in a car they had stopped. There was no other legal justification to stop the car. Officers ran a check on the driver and a passenger. The driver and the passenger were brothers, and an outstanding warrant came back on the brother who was the passenger. When they searched the car, they found a gun and crack cocaine. The driver was convicted of possession of crack cocaine and possession of a firearm by a felon.

The *Green* court stated:

"It would be startling to suggest that because the police illegally stopped an automobile, they cannot arrest an occupant who is found to be wanted on a warrant—in a sense requiring an official call of 'Olly, Olly, Oxen Free.' Because the arrest is lawful, a search incident to the arrest is also lawful. The lawful arrest of Avery constituted an intervening circumstance sufficient to dissipate any taint caused by the illegal automobile stop." 111 F.3d at 521.

In *People v. Murray*, 312 Ill. App. 3d 685, 728 N.E.2d 512 (2000), the Illinois Court of Appeals considered an argument that the defendant was arrested pursuant to an outstanding arrest warrant when he was a passenger in a rear seat of an automobile that was stopped without probable cause, and it was discovered at that time that there was an outstanding arrest warrant for him. The trial court held that it did not matter how it was discovered; once officers found there was an outstanding warrant, they were entitled to arrest and search him pursuant to the valid arrest warrant.

The Illinois Court of Appeals stated:

"It would be illogical and nonsensical for us to hold that once the police illegally stop an automobile, they can never arrest an occupant who is found to be wanted on a warrant. Even in situations where the exclusionary rule is plainly applicable, the Supreme Court has declined to adopt a 'per se' or 'but for' rule that would make inadmissible any evidence, whether tangible or live-witness testimony, which somehow came to light through a chain of causation that began with an illegal arrest." 312 Ill. App. 3d at 691-92.

In *State v. Hill*, 725 So. 2d 1282 (La. 1998), the Supreme Court of Louisiana held that the discovery of an outstanding arrest warrant constitutes an "intervening circumstance" which dissipates the taint of an initial impermissible encounter. The court emphasized

that law enforcement officers would be derelict in their duty not to arrest the defendant once they learn of the outstanding arrest warrant. For support, the Louisiana Supreme Court cited *Green*, plus *People v. Hillyard*, 197 Colo. 83, 589 P.2d 939 (1979); *State v. Thompson*, 231 Neb. 771, 438 N.W.2d 131 (1989); *Reed v. State*, 809 S.W.2d 940 (Tex. App. 1991); and *State v. Rothenberger*, 73 Wash. 2d 596, 440 P.2d 184 (1968).

We hold that there is no evidence of bad faith on the part of Goss. Once Goss learned of the outstanding warrant, he had a right and duty to arrest Jones. Subsequent to the arrest, Goss had the right to search Jones. We affirm the trial court and Court of Appeals.

Affirmed.