**STATE of Alaska, Petitioner,**

v.

**Donald CASTLE, Respondent.**

No. S–09693.

Supreme Court of Alaska.

Oct. 26, 2001.

Before: FABE, Chief Justice, and MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

---

**Order**

On consideration of the Petition for Hearing,

IT IS ORDERED:

The Petition for Hearing is DISMISSED as improvidently granted.

Entered by the direction of the court.

BRYNER, Justice, with whom EASTAUGH, Justice, joins, dissenting.

The question presented in this petition for hearing is whether a police officer who validly stops a car and finds that its driver is committing a crime that involves imminent risk to public safety may require the car's passengers to remain at the scene until the officer finishes arresting the driver. Strong support exists for a rule that would allow an officer to briefly detain passengers in these circumstances.[1]  Under Alaska law, more-over, it is well settled that driving while license revoked is a crime that involves an imminent threat of harm to persons and property.[2]  Accordingly, while I recognize that the facts of this case present alternative grounds for affirmance,[3] I would vacate the court of appeals's opinion[4] to the extent that it can be read to hold either (1) that the crime of driving while license revoked does not involve imminent public danger or (2) that an officer stopping a car whose driver is committing that crime lacks authority to direct the car's passengers to stay put while the officer arrests the driver.  I thus dissent from the court's order summarily dismissing this petition as improvidently granted.

---

1.  *See, e.g., Model Code of Pre Arraignment Procedure* § 110.2(1)(b) (1975), *cited with approval in* Wayne R. LaFave, *Search and Seizure* § 9.2(b), at 24–25 (3d ed.1996); *cf. Ebona v. State,* 577 P.2d 698 (Alaska 1978); *Coleman v. State,* 553 P.2d 40, 46 (Alaska 1976); *State v. G.B.,* 769 P.2d 452, 454–55 (Alaska App.1989); *State v. Jones,* 27 Kan.App.2d 476, 5 P.3d 1012, 1018 (2000), *aff'd on other grounds,* 270 Kan. 526, 17 P.3d 359 (2001); *State v. Griffith,* 236 Wis.2d 48, 613 N.W.2d 72 (2000).

2.  *See State v. G.B.,* 769 P.2d at 455 (citing *Ebona,* 577 P.2d 698; *Smith v. State,* 756 P.2d 913 (Alaska App.1988)).

3.  Notably, the present case involved a forcible stop that occurred at a considerable distance away from the scene of the initial traffic stop.

Moreover, the disputed stop occurred after Castle had already indicated, in response to Officer Yamamoto's initial contact, that he did not want to cooperate.  The state expressly concedes that a detained passenger who is merely a witness need not cooperate with the police when questioned and is free to leave upon refusing to answer: "If the witness, after being stopped, refuses to identify himself, he is free, absent probable cause to arrest, to leave."  The state's view finds support in *Brown v. Texas,* 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).  Regardless of the validity of the initial stop, then, a second stop would be unwarranted under these facts.

4.  *Castle v. State,* 999 P.2d 169 (Alaska App.2000).