(65 P.3d 1075)

No. 88,832

CITY OF KINGMAN, *Appellee*, v. PRESTON A. LUBBERS, *Appellant*.

Opinion filed April 4, 2003.

*Michael S. Holland II* and *Michael S. Holland*, of Holland and Holland, of Russell, for appellant.

*Curtis E. Watkins*, of Geisert, Wunsch & Watkins, of Kingman, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and STEPHEN D. HILL, District Judge, assigned.

ELLIOTT, J.: Preston A. Lubbers appeals his conviction for driving while under the influence of alcohol.

We affirm.

Police officer Chrystal Woodson responded to a traffic accident involving two vehicles, one driven by Lubbers. While speaking with Lubbers, Woodman noticed his eyes were bloodshot and there was an odor of alcohol. Lubbers said he had been drinking earlier at a softball game, but did not drink much because he had to drive home.

After administering several field sobriety tests, Woodson asked Lubbers if he would submit to a preliminary breath test by breathing into a hand-held machine. Lubbers agreed and registered a level of .117. He was arrested and transported to the law enforcement center where he registered a blood alcohol level of .13.

Lubbers moved to suppress the preliminary breath test results, claiming that test constituted a search of his deep lung air in violation of the Fourth Amendment. The trial court denied the motion to suppress, and the case was submitted on stipulated facts, preserving Lubbers' right to appeal the ruling on his motion to suppress.

Where, as here, the facts are undisputed, the suppression question is one of law over which we have unlimited review. *State v. Jones*, 270 Kan. 526, 527, 17 P.3d 359 (2001).

On appeal, Lubbers claims the preliminary breath test is a search and it was unreasonable to subject him to the test without a warrant or voluntary consent. No Kansas case has addressed whether a preliminary breath test constitutes a search.

However, we need not decide that question here, for we hold the consent question controls the outcome of this appeal. The interesting question of whether the breath test constitutes a search must await a case where the issue is squarely presented.

K.S.A. 8-1012 provides that a law enforcement officer may request a person operating a vehicle to submit to a preliminary breath test if the officer has reasonable grounds to believe the person has alcohol in his or her body, has committed a traffic infraction, or has been involved in a traffic accident.

In *Gross v. Kansas Dept. of Revenue*, 26 Kan. App. 2d 847, 849, 994 P.2d 666, *rev. denied* 269 Kan. 932 (2000), we held the statute is clear and requires, prior to requesting a breath test, probable

cause to believe the person, *inter alia*, has alcohol in his or her body. Probable cause, we held, is synonymous with the statutory term "reasonable grounds." 26 Kan. App. 2d at 849.

Further, we held the issue is whether a request for a preliminary breath test is reasonable and ruled the statute provides adequate safeguards to insure reasonableness. 26 Kan. App. 2d at 849-50.

In the present case, Lubbers acknowledges Woodson was permitted to request a preliminary breath test, but asks us to clarify whether *Gross* entitles officers merely to *request* a breath test or allows an officer to *administer* the test absent probable cause or a valid consent.

Nothing in the *Gross* opinion indicates we intended to remove the driver's ability to refuse the preliminary breath test or the requirement that a consent be given knowingly and voluntarily.

Here, Woodson's request was clearly reasonable. She was investigating a traffic accident and noticed Lubbers had bloodshot eyes and detected the odor of alcohol. Under the facts of the present case, therefore, the question is whether Lubbers freely and voluntarily consented to the breath test, the results of which provided probable cause for his arrest.

Woodson testified Lubbers agreed to the test and that she informed him that a refusal to consent would result in a traffic violation. On appeal, Lubbers argues the consent, if given, was not voluntary because the threat of a traffic violation constituted coercion. In this regard, Lubbers' reliance on *State v. Brunner*, 211 Kan. 596, 507 P.2d 233 (1973), is misplaced. There, the defendant was threatened with suspension of his driver's license when, under the law, suspension never could have been imposed. 211 Kan. at 603.

Where, as here, consent is obtained after informing a driver of actual legal consequences, the consent, if freely given, is valid. The accurate statement would not involve deceit. Police cannot use deceit, but they are entitled to make truthful, accurate statements. See *Village of Little Chute v. Walitalo*, 256 Wis. 2d 1032, 1038, 650 N.W.2d 891, 894 (Wis. App. 2002).

We hold the purpose of K.S.A. 8-1012 is not to punish past behavior; rather, it attaches a negative consequence to a present

choice. See *State v. Spilde*, 536 N.W.2d 639, 641 (Minn. App. 1995). Our Supreme Court has ruled our implied consent law is remedial in nature. See *State v. Mertz*, 258 Kan. 745, 760, 907 P.2d 847 (1995).

In the present case, Woodson correctly advised Lubbers of the consequence of refusing the request to take a preliminary breath test. And the record contains ample evidence that Lubbers freely consented to the procedure. The "threat" of a traffic citation did not render the consent invalid.

For the purpose of this appeal, we may assume, without deciding, the preliminary breath test constitutes a search of a person's deep lung air. But even given that assumption, here Lubbers knowingly and voluntarily consented to the procedure. No Fourth Amendment violation occurred. The trial court did not err in denying Lubbers' motion to suppress.

Affirmed.