NOT DESIGNATED FOR PUBLICATION

No. 113,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANNY D. WILKERSON,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Mitchell District Court; KIM W. CUDNEY, judge. Opinion filed October 23, 2015. Affirmed.

*Jack Sheahon*, of Salina, for appellant.

*Donald J. Cooper*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*: Danny D. Wilkerson appeals the district court's decision affirming the Kansas Department of Revenue's (KDOR) suspension of his driver's license for refusing to submit to chemical testing. Wilkerson argues that the district court erred in upholding his driver's license suspension because law enforcement did not have reasonable grounds to believe that he was driving under the influence (DUI) of alcohol. For the reasons stated below, we are not persuaded by Wilkerson's argument. Accordingly, we affirm the suspension.

1

FACTS

In the early evening hours of August 25, 2013, Mitchell County Sheriff's Deputy Bryan Ellis was dispatched to an automobile accident north of Cawker City. Upon arrival at the scene, Ellis observed that a Buick appeared to have struck a pickup truck. Ellis made contact with Wilkerson, the driver of the truck. Ellis smelled an odor of alcohol coming from Wilkerson and noticed that Wilkerson's eyes were bloodshot and very watery. Ellis reported that Wilkerson's speech was understandable but that his physical movements were slow. Ellis stated he decided not to ask Wilkerson to perform any field sobriety tests because Wilkerson's balance or equilibrium could have been affected by the accident. Ellis did, however, ask Wilkerson to submit to a preliminary breath test (PBT). Wilkerson refused. Ellis arrested Wilkerson and transported him to the Mitchell County Law Enforcement Center. Wilkerson later refused a request for him to submit to a blood test.

Pursuant to Kansas' implied consent law, Wilkerson's driving privileges were suspended based on his refusal to submit to evidentiary chemical testing when asked to do so following his arrest. Wilkerson requested an administrative hearing to challenge the suspension; a hearing was conducted, and a KDOR hearing officer affirmed the administrative suspension. Wilkerson then requested judicial review of the suspension, arguing, in relevant part, that Deputy Ellis lacked reasonable grounds to believe he had been operating a vehicle while under the influence of alcohol.

At a trial de novo before the district court, Wilkerson testified that before the accident, he was driving eastbound on a rural dirt road. Wilkerson approached an open intersection, which he stated had reduced visibility to the north. Wilkerson claimed that he slowed down and looked both directions prior to entering the intersection but did not see the Buick coming from the north until his truck was already in the intersection. Notwithstanding the collision, Wilkerson asserted he was driving in a proper manner. In

2

support of his assertion, Wilkerson cited to the fact that he had not received a traffic citation following the accident. Wilkerson testified that he had a cut and a bump on his head, which he believed was the result of his head hitting and shattering the driver's side window of his truck. Wilkerson claimed that after the accident, he washed his eyes out with water in order to flush out any dirt and glass that had flown through the cab of his truck. Wilkerson rationalized that this was the reason his eyes appeared bloodshot and watery to Deputy Ellis. Wilkerson denied drinking alcohol prior to the accident and asserted that any odor of alcohol could only have been caused by the fact that he had eaten a steak marinated in bourbon an hour before the accident. Wilkerson explained that he refused to submit to the PBT because he thought the alcohol from the steak might still be in his system.

After considering the evidence and testimony presented, the district court made a factual finding that Deputy Ellis had reasonable grounds to believe that Wilkerson was operating a vehicle under the influence of alcohol at the time Ellis arrested Wilkerson. Based on this finding, the district court upheld Wilkerson's driver's license suspension.

ANALYSIS

The sole issue presented by Wilkerson on appeal is whether the district court erred in finding Deputy Ellis had reasonable grounds to believe Wilkerson was operating a motor vehicle while under the influence of alcohol.

Following a trial de novo on an administrative license suspension, an appellate court reviews a district court's suspension to determine if it was supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Substantial competent evidence is "such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 2, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007).

Whether substantial competent evidence exists is a question of law. *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). In determining whether the district court's suspension was supported by substantial competent evidence, an appellate court will not reweigh evidence, make witness credibility determinations, or redetermine factual questions. *Mitchell v. Kansas Dept. of Revenue*, 32 Kan. App. 2d 298, 301, 81 P.3d 1258 (2004).

Under K.S.A. 2014 Supp. 8-1001(b)(1)(B), a law enforcement officer shall ask a person who has been involved in a vehicle accident resulting in property damage or personal injury to submit to DUI testing if "the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both." The reasonable grounds test of K.S.A. 2014 Supp. 8-1001(b) is strongly related to the standard for determining probable cause to arrest. See *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 514-15, 242 P.3d 1179 (2010); *Gross v. Kansas Dept. of Revenue*, 26 Kan. App. 2d 847, 848-49, 994 P.2d 666, *rev. denied* 269 Kan. 932 (2000). Probable cause to arrest is the reasonable belief, drawn from the totality of the information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime. See *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012).

In denying Wilkerson's request to set aside the administrative action suspending his license, the district court relied on the following facts to conclude as a matter of law that there were reasonable grounds to believe Wilkerson was driving under the influence:

- Wilkerson was involved in a car accident involving property damage.
- Ellis smelled an odor of alcohol coming from Wilkerson's person.
- Ellis observed Wilkerson's eyes to be bloodshot and watery.
- Ellis observed that Wilkerson's movements were slow.

4

The district court's factual findings are supported by substantial competent evidence in the record. Deputy Ellis testified that he encountered Wilkerson after responding to a report of an accident, that he smelled an odor of alcohol from Wilkerson, that he noticed Wilkerson's eyes were bloodshot and watery, and that Wilkerson's movements appeared slow. On the DC-27 form under "Reasonable grounds for my belief that the person was under the influence of alcohol and/or drugs," Ellis checked the boxes for an odor of alcoholic beverages and bloodshot eyes. Under "Reason(s) for the initial contact and/or stop," he also checked "officer arrived at scene of accident."

In addition to the factors above, the district court based its reasonable grounds determination on the fact that Wilkerson refused to submit to a PBT. We find no error in the court's reliance on the refusal. A PBT refusal is inadmissible to prove that a defendant is guilty of DUI. See *State v. Wahweotten*, 36 Kan. App. 2d 568, 573-76, 143 P.3d 58 (2006), *rev. denied* 283 Kan. 933 (2007). But this case does not present a situation where the refusal to submit to testing was relied on to prove that Wilkerson was guilty of a crime; rather, it involves Ellis' ability to use the refusal when determining whether reasonable grounds existed to conclude that Wilkerson was driving under the influence of alcohol. To that end, K.S.A. 2014 Supp. 8-1012(d) explicitly states that the PBT *results* can be used to assist an officer in determining whether there are reasonable grounds to request testing under K.S.A. 2014 Supp. 8-1001. Given this statutory provision, a PBT *refusal* arguably can be used for the same purpose. See *Wahweotten*, 36 Kan. App. 2d at 576 ("[T]he legislature's intent under K.S.A. 2005 Supp. 8-1012 was to limit the use of evidence of a preliminary breath test . . . to the circumstances that are specifically set forth in the statute."); see also *State v. Huff*, 33 Kan. App. 2d 942, 946, 111 P.3d 659 (2005) (finding that court may consider driver's refusal to take field sobriety tests as an indicator of DUI).

Based on the record before us, we find substantial competent evidence supports the district court's legal conclusion that Deputy Ellis had reasonable grounds to believe

5

Wilkerson was operating a vehicle while under the influence of alcohol. On appeal, Wilkerson does not dispute that there is substantial competent evidence to support the district court's findings of fact. Instead, he argues the following facts in the record require us to reverse the decision to uphold the suspension of his driver's license: (1) he testified that he did not drink any alcohol, (2) he was not issued a traffic citation for causing the accident, (3) no field sobriety tests were administered, and (4) his eyes were red and watery because of flying glass and dirt. Wilkerson is essentially asking this court to reweigh the evidence—something we cannot do on appeal. See *Mitchell*, 32 Kan. App. 2d at 301.

To that end, Deputy Ellis specifically explained at the hearing that he decided not to ask Wilkerson to perform any field sobriety tests because Wilkerson's balance or equilibrium could have been affected by the accident. Although Ellis did not explain why he chose not to issue a traffic citation to Wilkerson, we note there is no requirement in the statute that the licensee must have been found to be at fault for causing the accident before an officer requests the licensee to submit to a test for purposes of measuring blood alcohol. See K.S.A. 2014 Supp. 8-1001(b)(1)(B). Instead, the applicable provision of the statute requires a law enforcement officer to request a licensee to submit to blood alcohol testing when (1) the officer has "reasonable grounds to believe the [licensee] was operating or attempting to operate a vehicle while under the influence of alcohol or drugs" and (2) the licensee was "involved in a vehicle accident or collision resulting in property damage or personal injury other than serious injury." K.S.A. 2014 Supp. 8-1001(b)(1)(B). And with regard to Wilkerson's recent explanation for why Ellis smelled an odor of alcohol and observed him with bloodshot and watery eyes, we note there is no indication in the record that Wilkerson provided Ellis with any innocent explanation for the odor of alcohol or the condition of his eyes at the scene of the accident. See *Sloop*, 296 Kan. at 20 (probable cause to arrest is drawn from totality of information and reasonable inferences available to arresting officer).

6

In sum, substantial competent evidence in the record supports the district court's legal conclusion that Deputy Ellis had reasonable grounds to believe Wilkerson was operating a vehicle while under the influence of alcohol. See, *e.g.*, *Kuhn v. Kansas Dept. of Revenue*, No. 107,154, 2013 WL 195693, at *3 (Kan. App. 2013) (unpublished opinion) (reasonable grounds when officer arrived on scene of accident, observed odor of alcohol on driver's breath and slurred speech from driver, and driver admitted to consuming alcohol); *Pfeifer v. Kansas Dept. of Revenue*, No. 106,961, 2012 WL 4679695, at *2-3 (Kan. App. 2012) (unpublished opinion) (reasonable grounds when officer arrived on scene of single-motorcycle accident and noticed odor of alcohol on driver's breath, driver admitted to consuming alcohol, and driver persisted that his wife was riding on motorcycle with him when she was not).

Affirmed.