(27 P.3d 934)

No. 85,905

FIRST SAVINGS BANK, F.S.B., *Appellant/Cross-appellee*, v. DARRIN E. FREY and PAULA L. KELLY-FREY, *Appellees/Cross-appellants*.

—

Opinion filed July 6, 2001.

*Brenda J. Bell*, of Seaton, Miller, Bell & Seaton, L.L.P., of Manhattan, for appellant/cross-appellee.

*Kent Oleen*, of Vogel & Oleen, L.L.P., of Manhattan, for appellees/cross-appellants.

Before MARQUARDT, P.J., JOHNSON, J., and JACKSON, S.J.

MARQUARDT, J.: First Savings Bank, F.S.B., (Bank) appeals the trial court's ruling that it breached an escrow contract with Darrin E. Frey and Paula L. Kelly-Frey. The Freys cross-appeal the trial court's ruling on damages and attorney fees. We affirm in part and reverse in part.

In May 1996, the Freys signed an installment contract for the purchase of real estate from the Hornes. The contract stipulated that the Freys would make their monthly payments, which would include real estate taxes and insurance to an escrow agent. The Freys chose the Bank as their escrow agent. The escrow agreement provided that the Bank would pay the Freys' taxes and insurance. The Freys purchased homeowners' insurance from Farm Bureau Mutual Insurance Company (Farm Bureau).

The Freys did not inform Farm Bureau that the Bank was the escrow agent. The original insurance policy declarations page lists the Freys as policyholders and the Hornes as mortgagees. The Bank was not listed on the declarations page.

In May 1997, the Freys received the bill for their homeowners insurance. Paula paid the bill. While she was at Farm Bureau, Paula and the agent filled out a form which directed that all future insurance billings be sent to the Bank.

Paula Frey testified that in May 1998, she and Darrin received a renewal statement, not a bill, from Farm Bureau which listed the Hornes' name in care of the Bank. In June 1998, hail damaged one of the Freys' cars and the roof of their home. Farm Bureau denied their claim on grounds that the policy had lapsed.

Paula testified that when she called the Bank, the Bank indicated that it did not know if the payment had been made. Upon further investigation, the Bank claimed that it had never received a notice to pay the insurance premium until the expiration notice arrived. The Freys' insurance policy was reinstated in June 1998. In September 1998, the Bank resigned as the Freys' escrow agent.

In May 1999, the Freys filed claims against the Bank for reckless, willful, wanton, and deceitful negligence, breach of fiduciary duty, and breach of contract. The Freys asked for actual damages of $2,000 plus attorney fees and punitive damages in the amount of $50,000.

The Bank filed a motion for summary judgment, claiming that under the escrow agreement it did not have potential liability for gross negligence and willful conduct in the case of lack of insurance.

After a hearing and several court orders, the only issue that remained for trial was whether there was a breach of the escrow agreement.

In its final order, the trial court held that the Bank had specifically agreed to make the insurance payment and the agreement took precedence over a general clause absolving the Bank of any liability except for gross negligence or willful misconduct. The trial court held that the Bank had breached its contract with the Freys

by failing to pay the insurance premium. The Freys were awarded $1,603. The Bank and the Freys timely appeal.

## Breach of the Escrow Agreement

On appeal, the Bank claims that the trial court's construction of the escrow agreement nullified three sections of the contract.

The interpretation of written instruments is a matter of law, and an appellate court exercises unlimited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. *City of Topeka v. Watertower Place Dev. Group*, 265 Kan. 148, 152-53, 959 P.2d 894 (1998).

As a general rule, if the language of a written instrument is clear and can be carried out as written, there is no room for rules of construction. *Decatur County Feed Yard, Inc. v. Fahey*, 266 Kan. 999, 1005, 974 P.2d 569 (1999). It is the duty of the courts to sustain the legality of contracts in whole or in part when fairly entered into, if reasonably possible to do so, rather than to seek loopholes and technical legal grounds for defeating their intended purpose. *Weber v. Tillman*, 259 Kan. 457, 463, 913 P.2d 84 (1996).

The escrow agreement provided:

"[The Bank's] duties hereunder shall be limited to the safekeeping of such money, instruments or other documents received by it as such escrowholder, and for the delivery of the same in accordance with these written escrow instructions; it is further agreed that [the Bank] shall in no case or event be liable for the failure of any of the conditions of this escrow or damage or loss caused by the exercise of [the Bank's] discretion in any particular manner, or for any other reasons, except gross negligence or willful misconduct with reference to the said escrow."

A portion of the "Rights and Duties" section reads: "[The Bank] shall have no responsibility or liability for lack or insufficiency of insurance or lack of payment of taxes relating to property which is the subject of this escrow."

On the second page of the escrow agreement, the line entitled "Special Instructions to Escrowholder" instructs the Bank to pay the taxes and insurance. The escrow agreement makes the Bank responsible for paying taxes and insurance for the Freys.

The escrow agreement states that the Bank is not liable for the failure of "any of the conditions of this escrow or damage or loss caused by the exercise of [the Bank's] discretion in any particular manner, or for any other reasons, except gross negligence or willful misconduct." No evidence was presented that the Bank intentionally tried to cause the Freys harm or acted in a grossly negligent manner.

The agreement relieved the Bank of liability in the exercise of its discretion unless the Bank was grossly negligent or was guilty of willful misconduct. The duty to pay taxes and insurance was not a discretionary function of the Bank; it was a duty the Bank agreed to as a condition of the escrow agreement.

The question is whether the failure to pay insurance is governed by the gross negligence or willful misconduct standard or whether the specific agreement to pay the insurance controls. "Contracts for exemption from liability for negligence are not favored by the law and are strictly construed against the party relying on them." *Zenda Grain & Supply Co. v. Farmland Industries, Inc.*, 20 Kan. App. 2d 728, 732, 894 P.2d 881, *rev. denied* 257 Kan. 1096 (1995).

It is important to note that the escrow agreement is on the Bank's printed form. The Bank's name is printed at the top of the first page and again on the bottom of the second page. "It is an elementary rule of law that where one party to a contract is privileged to set down in writing the terms to which another party is to give assent, and a controversy arises as to their meaning, the contract should be construed strictly against the writer and liberally toward the other party." *Dillard Dept. Stores, Inc. v. Kansas Dept. of Human Resources*, 28 Kan. App. 2d 229, Syl. ¶ 5, 13 P.3d 358 (2000).

The trial court correctly interpreted the escrow agreement. Under the terms of the contract, the Bank was liable for the payment of the taxes and insurance. Accordingly, we find that the trial court did not err when it concluded the Bank breached its escrow agreement with the Freys.

### Admission of Evidence

At trial, the Bank sought to admit evidence that billing state-

ments from Farm Bureau were still being sent to the Bank after the Bank terminated the escrow agreement with the Freys. The trial court refused to admit the evidence on grounds of relevance. On appeal, the Bank claims that the evidence was necessary to prove the credibility of witnesses who testified the Bank did not receive the Freys' premium notice.

The admission of evidence lies within the sound discretion of the trial court. An appellate court's standard of review regarding a trial court's admission of evidence, subject to exclusionary rules, is abuse of discretion. One who asserts that the court abused its discretion bears the burden of showing such abuse of discretion. *State v. Lumley*, 266 Kan. 939, 950, 976 P.2d 486 (1999). Except as otherwise provided by statute, all relevant evidence is admissible. *State v. Smallwood*, 264 Kan. 69, 84, 955 P.2d 1209 (1998). The determination of relevancy is a matter of logic and experience, not a matter of law. *Simon v. Simon*, 260 Kan. 731, 741, 924 P.2d 1255 (1996).

The evidence the Bank sought to admit concerned insurance for the year 2000. The events being litigated here involve the years 1997 and 1998. Accordingly, Farm Bureau's practices in 2000 are not relevant. The trial court did not abuse its discretion in failing to admit the evidence.

## Sufficiency of Evidence

The Bank contends that the evidence presented at trial showed that Farm Bureau could not prove the premium renewal notice was mailed to the Bank.

Where the trial court has made findings of fact and conclusions of law, the function of an appellate court is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. *Sampson v. Sampson*, 267 Kan. 175, 181, 975 P.2d 1211 (1999).

The trial court's decision was based solely on the breach of the contract by the Bank. The Bank agreed to pay the insurance, but

it did not do so. The Bank breached its obligation under the contract.

There was conflicting evidence presented at trial on the issue of whether the Bank received a premium renewal notice from Farm Bureau. Resolution of this issue would require this court to find that one witness was more credible than another. This court does not determine the credibility of witness testimony. See *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 56, 913 P.2d 612 (1995). The trial court did not err in not making a specific ruling on the issue of the notice.

## The Freys' Claim for Attorney Fees

The Freys asked for attorney fees in their petition. The trial court dismissed the claim for attorney fees, finding that there was no basis to support such an award. The Freys now appeal this denial as part of their cross-appeal.

The assessment of attorney fees lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Cornett v. Roth*, 233 Kan. 936, 945, 666 P.2d 1182 (1983).

The Freys' argument on the issue of attorney fees refers this court to their response to the Bank's motion to dismiss the Freys' claim for attorney fees. This issue has not been briefed, and we consider it to have been abandoned. See *Bergstrom v. Noah*, 266 Kan. 847, 873, 974 P.2d 531 (1999).

## Punitive Damages

The Freys claim that the undisputed facts clearly show gross and wanton misconduct of the Bank in failing to perform its duties under the escrow agreement. The Freys believe that this misconduct entitles them to punitive damages.

To warrant an award of punitive damages, a party must prove to the trier of fact by clear and convincing evidence that the party against whom the damages are sought acted with willful or wanton conduct, fraud, or malice. *Reeves v. Carlson*, 266 Kan. 310, 313, 969 P.2d 252 (1998); see K.S.A. 60-3702(c).

The trial court held that the Bank did not act in a grossly negligent manner or engage in willful misconduct. Accordingly, the Freys have not met their burden to support an award of punitive damages. We agree with the trial court's decision to deny the Freys' motion for punitive damages.

## Amount of Damage Award

The Freys claim that they are entitled to prejudgment interest on their liquidated damages.

Where a trial court has fashioned a remedy to make the injured party whole, the test on appellate review is not whether the remedy is the best remedy that could have been devised, but whether the remedy so fashioned is erroneous as a matter of law or constitutes a breach of trial court discretion. *Southwestern Business Systems, Inc. v. Western Kansas Xpress, Inc.*, 19 Kan. App. 2d 861, 867, 878 P.2d 833, *rev. denied* 255 Kan. 1003 (1994).

Essentially, it seems that the Freys are angry that the damage award was reduced. The Freys had an estimate performed, and the roofing company believed that it would cost $1,853 to repair their roof. The trial court awarded the Freys $1,603. This figure represents the amount of the estimate minus the Freys' $250 deductible that would have been paid by the Freys had the policy been in force.

Because the Bank breached its agreement by not paying the insurance, no policy was in force. The trial court abused its discretion by not granting the Freys $1,853 to repair their roof. The damage award is reversed and the Freys are granted $1,853 in damages.

Affirmed in part and reversed in part.