(81 P.3d 1258)
No. 89,873

ERNEST MITCHELL, *Appellant,* v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

Opinion filed January 9, 2004.

*Leslie A. Hess* and *Laura Lewis*, student intern, of Dodge City, for appellant.

*James G. Keller,* of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before RULON, C.J., GREEN, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: Dennis Mitchell appeals the trial court's order affirming the Driver Control Bureau's 1-year suspension of his commercial driver's license. He claims that the trial court erroneously de-

termined that he was given a reasonable opportunity for an independent blood or breath alcohol concentration (BAC) test. He also argues that the trial court abused its discretion by admitting his breath test into evidence. We affirm.

The facts of this case are not in dispute. Mitchell was driving his commercial vehicle onto the scales of a port of entry when a motor carrier inspector noticed that his vehicle lacked a registration plate on the front. The inspector asked him to step into the weighing station. The inspector noticed an odor of alcohol on Mitchell's breath. She asked a coworker if she noticed the same odor, and the coworker answered yes. The inspector then notified the dispatcher who summoned a Kansas Highway Patrol trooper.

Trooper Michael Winner responded. Mitchell was still speaking to the inspector about his failure to have a log book with him when Winner approached. Winner immediately smelled alcohol on Mitchell's breath and asked him to perform some field sobriety tests and a preliminary breath test. Mitchell failed to adequately perform the tests. He was arrested by Winner and taken to the sheriff's department where he submitted to a BAC test.

After the test was administered, Mitchell requested that he be taken to a hospital for an independent BAC test. Winner took Mitchell to the laboratory office of Southwest Medical Center in Liberal. The trooper told hospital personnel that he wanted Mitchell to have a BAC test. The hospital personnel told Winner that the test could not be performed unless the highway patrol could be billed for it. Mitchell had previously informed Winner that he had money to pay for the test himself. Winner spent about 30 minutes trying to convince hospital personnel to give Mitchell the test and let Mitchell pay for it. Winner even suggested to hospital personnel that he and Mitchell go outside, that he would remove all restraints from Mitchell, that Mitchell would walk in on his own, and Mitchell would have the test done. Hospital personnel responded that they still could not perform the test because they knew Mitchell was in Winner's care. Winner then called his supervisor to see if there was any way the highway patrol could be billed for the test. He was told there was not.

Winner decided that since he was unable to obtain an additional test for Mitchell at the hospital, he would take him back to the sheriff's department. Winner testified at the hearing that he knew Mitchell would be held for at least 8 hours and would not be able to leave on his own to get an additional BAC test. Winner also testified that Mitchell was aware that he had not received an additional test at the hospital. Both Winner and Mitchell concur that upon leaving the hospital, Mitchell did not request to be taken anywhere else for an independent test. Because Mitchell failed the BAC test, the Kansas Department of Revenue (KDR) suspended his commercial driver's license for 1 year. Mitchell's driving privileges were also suspended for 30 days with restrictions in place for the remainder of 1 year. In his appeal to the district court, KDR's rulings were affirmed.

Our standard of review for such an action is well established:

"In reviewing a district court's decision reviewing an agency action, the appellate court must first determine whether the district court observed the requirements and restrictions placed upon it and then make the same review of the administrative agency's action as does the district court. [Citations omitted.]" *Connelly v. Kansas Highway Patrol*, 271 Kan. 944, 964, 26 P.3d 1246 (2001), *cert denied* 534 U.S. 1081 (2002).

A trial court may not substitute its judgment for that of an administrative tribunal. The trial court is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily, or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority. *Hickman Trust v. City of Clay Center*, 266 Kan. 1022, 1036, 974 P.2d 584 (1999).

Our focus becomes whether Mitchell had a reasonable opportunity to obtain an independent BAC test. Such a determination depends on the circumstances of each case. *State v. George*, 12 Kan. App. 2d 649, 653-54, 754 P.2d 460 (1988). When we review the trial court's determination of this question of fact, our function is to determine whether the trial court's findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 747, 27 P.3d

1 (2001). We will not weigh conflicting evidence or pass on the credibility of witnesses or redetermine questions of fact. *State ex rel. Stovall v. Meneley,* 271 Kan. 355, 387, 22 P.3d 124 (2001).

Mitchell contends that by not taking him to a site that would agree to perform the requested BAC test after personnel at the hospital had refused, the trooper failed in his affirmative duty to protect Mitchell's rights as determined by K.S.A. 8-1004.

That statute provides:

"Without limiting or affecting the provisions of K.S.A. 8-1001 and amendments thereto, the person tested shall have a reasonable opportunity to have an additional test by a physician of the person's own choosing. In case the officer refuses to permit such additional testing, the testing administered pursuant to K.S.A. 8-1001 and amendments thereto shall not be competent in evidence."

Mitchell argues that Winner presented no evidence that there were any time constraints which prevented him from taking Mitchell to another site to obtain the test. Mitchell also argues that there were probably other sites in Liberal which could have conducted the test.

Mitchell admits that he did not renew his request or make any attempts to secure an additional test after the failure to obtain the test at the hospital. Mitchell argues that Winner had an obligation to provide Mitchell with a reasonable opportunity to obtain an independent test as he requested and that this obligation was not waived by Mitchell's failure to renew that request. Mitchell also argues that Trooper Winner failed to protect his right to an independent test by not making arrangements for Mitchell to bond out soon enough to seek an additional test on his own.

In response, KDR claims that Winner did provide Mitchell with a reasonable opportunity for an independent test. It contends that the trooper did not unreasonably interfere or prevent an additional test. KDR argues that Winner transported Mitchell to the hospital to have an independent test performed. The trooper spent approximately 30 minutes attempting to persuade hospital personnel to conduct the test. He even asked whether hospital personnel would perform the test if he took Mitchell out, released him from the handcuffs, and allowed him to come in on his own, but all of his requests were denied.

KDR further argues that when Mitchell was unsuccessful in getting tested at the hospital, Winner did nothing to prevent Mitchell from requesting an additional test elsewhere. Rather, upon leaving the hospital to return to the sheriff's department, Mitchell knew he had not obtained an additional test and made no request for Winner to take him elsewhere for additional testing.·

A review of other cases is important here. Our court, in *State v. George*, 12 Kan. App. 2d at 655, stated:

"While the State is not required to provide a DUI suspect with a free additional test, it may not unreasonably interfere with a suspect's reasonable attempts to secure an additional test, at his own expense, by a physician of his own choosing, for the purpose of attempting to secure evidence for his defense at or near the crucial time under consideration."

Our Supreme Court has ruled that it was not unreasonable interference with the suspect's attempts to secure an additional test when a police officer informed the suspect that the additional test would register higher than the breath test the officer had just given him. *State v. Chastain*, 265 Kan. 16, 22, 960 P.2d 756 (1998). After examining decisions from several other jurisdictions, the *Chastain* court determined that such a statement did not amount to unreasonable interference with the suspect's right to a reasonable opportunity for additional testing. 265 Kan. at 21-22. In contrast, this court, in *George,* ruled that an officer's actions amounted to an unreasonable interference with a suspect's right to an additional test when a police officer claimed that it was inconvenient to get an additional test done. 12 Kan. App. 2d at 651-55.

Our research reveals no Kansas appellate decisions where a law enforcement officer took the suspect for additional testing but was unsuccessful in securing the additional testing due to the actions of a third party, although cases from other jurisdictions have addressed this issue. In *Grizzle v. State*, 265 S.E.2d 324 (Ga. App. 1980), the defendant requested an additional test. The officer took the defendant to two different hospitals and both refused to perform the test unless it was ordered by the police officer. In Georgia, it was against police policy to order such a test, but the police officer informed office personnel that the defendant was entitled to such a test. The defendant never received an additional test. On

appeal, the court held that the defendant was provided a reasonable opportunity for an additional test, stating: "[I]t is the duty of a police officer not to prevent a defendant from exercising his right to an independent test, but not his duty to insure the performance of such test." 265 S.E.2d 325. Later, in *Jenkins v. State*, 403 S.E.2d 859, 861 (Ga. App. 1991), the court determined that where a medical facility refused to perform the test and the defendant failed to select another facility to be taken to, the police officer had afforded the defendant a reasonable opportunity to have an additional test performed and it was not the duty of the police officer to insure the performance of the test.

Similarly, a South Carolina court determined that a police officer afforded a reasonable opportunity to a defendant when the officer took the defendant to a hospital for an additional test but the hospital refused to administer the test. *City of Columbia v. Ervin*, 330 S.C. 516, 500 S.E.2d 483 (1998). The court determined that the officer was not required to request a blood test or take the defendant to a second hospital after the first hospital refused to perform the test. 330 S.C. at 521.

In Maine, the Supreme Court determined that an officer did not unreasonably interfere with the defendant's right to an additional test by not taking him to a second hospital as he requested after the first hospital refused to administer the test because the defendant would only allow an osteopathic physician to take his blood and none were available. *State v. Copeland*, 391 A.2d 836 (Me. 1978).

In reviewing KDR's decision, we find no evidence in the record that the agency acted fraudulently, arbitrarily, or capriciously. Its order was supported by evidence and its action of suspending Mitchell's license is clearly within the scope of its authority. The decision of the trial court affirming the KDR order is supported by substantial competent evidence that Mitchell was given a reasonable opportunity to be given an independent test.

Turning to the next question of whether the trial court abused its discretion by admitting the breath test, our standard of review is abuse of discretion. An abuse of discretion must be shown by the party attacking the evidentiary ruling and exists only when no

reasonable person would take the view adopted by the trial court. *Jenkins v. T.S.I. Holdings, Inc.*, 268 Kan. 623, 633-34, 1 P.3d 891 (2000); see *First Savings Bank, F.S.B. v. Frey*, 29 Kan. App. 2d 436, 440, 27 P.3d 934 (2001).

Mitchell contends that the trial court erred when it admitted the results of his BAC test. He argues that he was not provided a reasonable opportunity to obtain an additional test because the officer refused to permit such additional testing. Mitchell contends that in refusing to take him to a second facility that would perform the requested blood test, Winner violated his statutory rights. The problem with this argument is that we find no evidence in the record that suggests that Winner ever refused to take Mitchell to a second hospital. We find no evidence that Mitchell requested to be taken to a second hospital. The evidence supports the conclusion reached by the trial court that Mitchell had a reasonable opportunity to obtain an independent BAC test but failed to do so. We find no reason to suppress Mitchell's BAC test under K.S.A. 8-1004. A reasonable person would agree with the trial court's decision to consider Mitchell's BAC test as competent evidence. The trial court's decision to allow the BAC test was not an abuse of discretion.

Affirmed.