NOT DESIGNATED FOR PUBLICATION

No. 112,918

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BLAIR R. JONES,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Thomas District Court; GLENN R. BRAUN, judge. Opinion filed November 6, 2015. Affirmed.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd., of Norton, for appellant.

*Donald J. Cooper*, of Kansas Department of Revenue, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

*Per Curiam*:  Blair R. Jones asks us to reverse the district court's order affirming the suspension of his driving license. Because there is ample evidence in the record that would lead one to the conclusion that the arresting officer in this case had reasonable grounds to believe that Jones was driving under the influence of alcohol, we affirm the district court.

Shortly after midnight in April 2014, Jones and Officer Raymond Schweitzer were driving towards each other in opposite directions on College Drive in Colby. There are no lines marking the lanes of traffic on College Drive. When Jones and Officer Schweitzer

were less than a block apart, Jones drove into the officer's lane of traffic in front of the oncoming patrol car. Officer Schweitzer pulled to the side to avoid a collision, and Jones swerved back into his lane of traffic.

After Jones passed the patrol car, Officer Schweitzer made a u-turn, turned on his emergency lights, and followed Jones. Jones continued to a stop sign, turned, and then pulled over to the curb. Jones parked with his two passenger-side tires up on the curb.

Officer Schweitzer approached Jones and observed:

- There was an odor of alcohol coming from inside the vehicle;
- there were two open containers of beer in the vehicle;
- Jones' speech was slurred; and
- Jones' eyes were bloodshot and watery.

Schweitzer asked Jones if he had anything to drink. Jones responded, "Not much." Officer Schweitzer asked Jones to get out of the truck. Jones did so with no problem. Schweitzer saw Jones stumble a little as he walked to the rear of his truck.

Because it was too windy, Schweitzer conducted no field sobriety tests. He did ask Jones to recite the ABCs. Jones did not complete the alphabet. Schweitzer smelled an odor of alcohol coming directly from Jones' person. Schweitzer then placed Jones under arrest. Later in the squad room, Officer Schweitzer asked Jones to submit to an evidentiary blood test. Jones refused.

At an administrative hearing, the Kansas Department of Revenue suspended Jones' driving privileges for failure to submit to a blood test. Jones sought judicial review of the license suspension.

When the district court heard the matter, it received testimony from Jones, Chad Draper, who was a passenger in Jones' car on the night in question, and Officer Schweitzer. The court admitted a video recording of the traffic stop into evidence. The court affirmed the administrative suspension of Jones' driving license, finding that Officer Schweitzer had probable cause to arrest Jones.

In this appeal, Jones contends the court erred because Officer Schweitzer had neither reasonable grounds to believe that Jones was operating a vehicle while under the influence of alcohol nor probable cause to arrest Jones, which are required before an officer can request an evidentiary blood test under K.S.A. 2014 Supp. 8-1001(b).

Following a trial de novo in district court of an administrative driving license suspension, appellate courts review whether the district court's decision was supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Substantial competent evidence means "such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 514, 242 P.3d 1179 (2010). In determining whether the trial court's decision was supported by substantial competent evidence, appellate courts do not reweigh conflicting evidence, make witness credibility determinations, or redetermine questions of fact. *Mitchell v. Kansas Dept. of Revenue*, 32 Kan. App. 2d 298, 301, 81 P.3d 1258 (2004). Whether substantial competent evidence exists is a question of law. *Smith*, 291 Kan. at 514.

In denying Jones' petition for review of the administrative suspension of his license, the district court considered all of the facts about Jones and his driving:

- Jones drove into the oncoming lane of traffic;
- Jones was slow to respond to the patrol car's emergency lights;
- Jones parked with his two passenger-side tires resting on the curb;

3

- Officer Schweitzer smelled an odor of alcohol;

- Officer Schweitzer observed two cups of beer in the vehicle's center console;

- Jones admitted to having consumed alcohol;

- Jones was confused about where he had been;

- Officer Schweitzer observed that Jones had bloodshot and watery eyes;

- Jones had poor balance or coordination;

- Jones' speech was slurred; and

- Jones was unable to recite the alphabet.

The district court concluded that the facts were sufficient to constitute probable cause.

These findings are supported by substantial competent evidence. We repeat: Officer Schweitzer testified, and the patrol car video showed, that Jones drove into the officer's lane of traffic and that the officer had to pull over to avoid a collision. Officer Schweitzer further testified, and the patrol car video showed, that Jones proceeded to a stop sign, turned right, and drove approximately another 50 feet after the officer turned on the patrol car's emergency lights, and, when Jones did eventually stop, Jones parked with his two passenger-side wheels up on the curb. Officer Schweitzer testified, and the patrol car video corroborated, that the officer asked Jones if he had anything to drink and Jones responded, "Not much." Officer Schweitzer testified that he: observed two open containers of beer in Jones' vehicle; smelled the odor of alcohol; observed that Jones' eyes were bloodshot and watery; noticed that Jones' speech was slurred; and observed Jones exit his vehicle with no problem, but then stumble as he walked. Officer Schweitzer further testified that Jones failed the alphabet test.

Basically, Jones asks this court to reweigh the testimony and make credibility determinations. He has failed to suggest any facts to dispute the numerous reasonable grounds that suggest Jones was under the influence of alcohol.

Jones makes a series of factual arguments. First, he contends that because the street was not laned for traffic, he could not have driven into the officer's lane. However, Kansas law states, in relevant part: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway." K.S.A. 8-1514(a). Officer Schweitzer testified that Jones' vehicle was closer to the left-hand curb than to the right-hand curb. Moreover, the squad car video showed that Jones swerved into the officer's side of the road, Jones drove straight toward Officer Schweitzer, Officer Schweitzer pulled over to the side, and then Jones swerved back to the right side of the road.

The video showed Jones drove on for 1 block to a stop sign, paused, turned right, drove a few seconds, and then stopped. The district court concluded that Jones was slow to respond to the emergency lights. The video is evidence that reasonably supports such a conclusion.

Jones contends that he parked with his passenger-side tires on the curb to allow traffic to get by. Assuming that is true, nothing in the record indicates Officer Schweitzer knew Jones' reason for parking with his tires on the curb at the time of Jones' arrest. Even if it was a reasonable inference that Jones parked on the curb to allow traffic to get by, the fact that Jones parked with his tires on the curb also supports an inference that Jones was driving under the influence. This court cannot reweigh the evidence to determine which inference is more likely. See *Mitchell*, 32 Kan. App. 2d at 301.

Jones argues that the odor of alcohol cannot be verified by objective evidence. However, Officer Schweitzer's testimony was direct evidence that there was an odor of alcohol coming from inside Jones' vehicle and directly from Jones himself. The district

5

judge heard Officer Schweitzer's testimony and could make a credibility determination. However, this court cannot pass on the credibility of witnesses. See *Mitchell*, 32 Kan. App. 2d at 301. Jones further argues that any odor should have dissipated in the wind. If true, that fact would support an inference that the odor must have been particularly strong for Officer Schweitzer to smell it.

Jones contends that the patrol car video showed that he did not stumble. It is not apparent from the video that Jones had any difficulty walking. However, the video showed that Officer Schweitzer said, "You can hardly even stand right now." Officer Schweitzer testified that Jones "lost his balance a little bit" when walking toward the back of the vehicle. Officer Schweitzer was in the best position to determine whether Jones had difficulty standing or walking. The video is not conclusive. This court cannot reweigh evidence. See *Mitchell*, 32 Kan. App. 2d at 301. Moreover, the absence of this factor does not undercut the conclusion of probable cause in this case.

Jones argues that the wind made it difficult for him and Officer Schweitzer to hear each other during the alphabet test. However, only Jones testified that it was too windy to hear. Officer Schweitzer testified that Jones started the alphabet with A and then stopped at V. When asked to recite it again, Jones started at H and then went to V several times. It can be inferred from Officer Schweitzer's testimony that he was able to hear Jones. Again, this court cannot redetermine which witness was more credible. See *Mitchell*, 32 Kan. App. 2d at 301. Jones argues that the video showed that Jones' speech was not slurred. However, much of the patrol car video is inaudible. And, Officer Schweitzer testified that Jones' speech was slurred. Thus, the district court's factual findings are supported by substantial competent evidence.

Turning to the district court's legal conclusion that the facts were sufficient to constitute probable cause, Jones contends that Officer Schweitzer should have

administered a preliminary breath test. We find no authority, and Jones cites no authority that says such a test is essential to a finding of probable cause.

Jones argues that *City of Norton v. Wonderly*, 38 Kan. App. 2d 797, 172 P.3d 1205 (2007), supports his contention that Officer Schweitzer lacked probable cause to arrest or request an evidentiary test. In *Wonderly*, there was evidence that Wonderly initially disobeyed an order to get back in his truck, his eyes were bloodshot, he smelled of alcohol, and he admitted to drinking earlier that evening. Also, the officer knew that a motorist had called police earlier and reported that Wonderly was driving recklessly. However, the officer did not observe Wonderly commit any traffic violations, Wonderly pulled his truck over in a normal manner, he had no problems walking to the officer's patrol car, and his speech was "fair" and "not particularly slurred." Further, the officer did not believe there was sufficient probable cause to arrest Wonderly at the scene and, due to the weather, transported Wonderly to the sheriff's office for further tests. There was no admissible evidence that Wonderly failed any field sobriety tests.

Like in *Wonderly*, Jones admitted he had been drinking earlier, his eyes were bloodshot, and he smelled of alcohol. However, many additional factors are present in this case that were not present in *Wonderly*. Officer Schweitzer observed: Jones drove in the officer's lane of traffic head-on toward his patrol car; Jones was slow to respond to the patrol car's emergency lights; Jones parked with his passenger-side tires on the curb; Jones stumbled as he walked toward the patrol car; Jones slurred his words; two open containers of beer in the front console of Jones' vehicle; and Jones failed the alphabet test.

Jones argues that *City of Wichita v. Molitor*, 301 Kan. 251, 341 P.3d 1275 (2015), further supports his contention that Officer Schweitzer lacked probable cause or reasonable grounds to request an evidentiary test. In *Molitor*, the Kansas Supreme Court held that an officer lacked reasonable suspicion to believe that Molitor was operating a

7

vehicle under the influence of alcohol to request a preliminary breath test. "'"Reasonable suspicion can arise from information that is *less reliable* than that required to show probable cause."'" 301 Kan. at 257-58. Molitor was stopped for making a right turn at a stop sign without using his turn signal. There were facts indicating that Molitor was impaired: Molitor struck the curb while parking his vehicle; Molitor's eyes were bloodshot and watery; an odor of alcohol emanated from the vehicle; and Molitor admitted to consuming alcohol. However, there were many facts indicating Molitor was not impaired: Molitor's speech was not slurred, he produced his license with no difficulty, he exited his vehicle and walked without trouble, and he passed two admissible standardized field sobriety tests. Our Supreme Court held that the lower courts erred because they did not analyze the facts indicating that Molitor was not impaired as part of the "whole picture to make a single, totality-of-the-circumstances reasonable suspicion determination." 301 Kan. at 266.

*Molitor* is distinguishable from the present case. The only facts indicating that Jones was not impaired are that he had no problems producing his license to the officer or exiting his vehicle. Jones argues that *Molitor* stands for the importance of standardized field sobriety tests in a finding of probable cause. However, the court did not hold that standardized field sobriety tests are necessary for a finding of probable cause, but rather that a favorable score on such tests must be taken into account when determining whether the total circumstances are sufficient to find probable cause. See *Molitor*, 301 Kan. at 266-68. Here, there was no favorable score on a field sobriety test for the district court to consider. However, there was evidence that Jones had failed the alphabet test. And, unlike *Molitor*, there was evidence that Jones' speech was slurred.

The facts and reasonable inferences that may be drawn from the facts provide reasonable grounds for an officer to believe that Jones was driving under the influence and yield probable cause to arrest Jones for committing that crime. We find no error in the district court's affirmance of the driving license suspension.

Affirmed.