NOT DESIGNATED FOR PUBLICATION

No. 113,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RODOLFO C. PEREZ, JR.,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION


Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 8, 2016. Affirmed.


*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.


*John D. Shultz*, deputy general counsel, of Legal Services, Kansas Department of Revenue, for appellee.


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


*Per Curiam*: Rodolfo C. Perez, Jr., appeals the district court's decision to affirm the Kansas Department of Revenue's (KDOR) administrative order suspending his driving privileges. Perez was stopped for speeding and refused both the preliminary breath test and the Intoxilyzer test upon request by a Kansas Highway Patrol trooper. Finding no error, we affirm.


FACTS


Pursuant to K.S.A. 8-1001 *et seq.*, the KDOR suspended Perez' driver's license

1

after he refused breath testing for alcohol. Perez petitioned the district court for review of his driver's license suspension.

At trial, Trooper Steven Morris testified he observed Perez traveling east on U.S. Highway 50 going 75 miles per hour in a 65-mile-per-hour zone. Trooper Morris initiated a traffic stop. He testified there was an odor of alcohol coming from the vehicle, requested Perez exit the vehicle, and administered field sobriety tests. Trooper Morris testified Perez denied consuming alcohol and the odor of alcohol was the only indication of alcohol consumption prior to Perez exiting the vehicle; however, he noticed Perez's eyes were bloodshot.

Trooper Morris conducted two field sobriety tests:  the walk-and-turn test and the one-leg-stand test. During the walk-and-turn test, Perez exhibited three clues:  starting the test before being instructed, breaking the instructional position, and failing to touch heel to toe three times. Perez performed the one-leg-stand test with no clues of impairment.

Trooper Morris also testified that as the stop progressed, the vehicle's passenger, Perez' wife, told him she had not been drinking and Perez did not have that much to drink. Finally, Trooper Morris testified Perez refused to submit to a preliminary breath test and refused to submit to an Intoxilyzer test. The district court found Trooper Morris' testimony was credible. Trooper Morris had reasonable grounds to request a breath test. The district court declined to set aside the order suspending Perez' license. Perez timely appeals.

ANALYSIS

*Did Trooper Morris have reasonable grounds?*

On appeal, Perez argues there were insufficient facts to establish reasonable grounds to believe he was operating a vehicle while under the influence of alcohol because Trooper Morris did not observe any indicators of possible impairment before approaching his vehicle and the odor of alcohol was not a sign of impairment. Additionally, Perez argues he had no difficulty in following directions and his speech was not slurred. Perez asserts he performed "exceptionally well" on the walk-and-turn test and performed perfectly on the one-leg-stand test. Based on the totality of these circumstances, Perez claims Trooper Morris did not have sufficient objective factors indicating reasonable grounds to believe Perez was impaired.

In contrast, the KDOR argues there was substantial competent evidence supporting the district court's finding of reasonable grounds to believe Perez was operating a vehicle under the influence of alcohol. The KDOR argues the odor of alcohol, Perez' bloodshot eyes, performance on the walk-and-turn test, and his wife's statement support the district court's finding.

Anyone attempting to operate or operating a vehicle in Kansas is deemed to have given consent to testing to determine the presence of alcohol or drugs. K.S.A. 2015 Supp. 8-1001(a). A law enforcement officer shall request the person submit to testing if the officer has reasonable grounds to believe an individual was under the influence of alcohol or drugs while operating or attempting to operate a vehicle and the person has been arrested or otherwise taken into custody for any violation of a statute or ordinance. K.S.A. 2015 Supp. 8-1001(b)(1)(A).

Whether reasonable grounds exist is evaluated by looking to probable cause standards. "'Probable cause is determined by evaluating the totality of the circumstances,' giving consideration to 'the information and fair inferences therefrom, known to the officer at the time of the arrest,' with 'no rigid application of factors.'" *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012) (quoting *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 656-57, 256 P.3d 845 [2011], *disapproved in part on other grounds by Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20-21, 290 P.3d 555 [2012]).

Appellate courts review a district court's decision in a driver's license suspension case to determine whether it is supported by substantial competent evidence. *Swank*, 294 Kan. at. 881. Substantial competent evidence refers to "'such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.'" *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 514, 242 P.3d 1179 (2010) (quoting *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 2, 136 P.3d 390 [2006], *cert. denied* 549 U.S. 1278 [2007]). Whether substantial competent evidence exists is a question of law. *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). Appellate courts do not reweigh evidence, make credibility determinations, or redetermine questions of fact. *Mitchell v. Kansas Dept. of Revenue*, 32 Kan. App. 2d 298, 301, 81 P.3d 1258 (2004). The licensee has the burden of proving the agency's decision should be set aside. K.S.A. 2015 Supp. 8-1020.

The facts reflect that Perez' vehicle was stopped for speeding. Upon contact with the driver Perez, Trooper Morris noticed the smell of alcohol and asked Perez to exit the vehicle. During the stop, Trooper Morris observed Perez' bloodshot eyes and requested field sobriety testing. Perez passed the one-leg-stand test but failed the walk-and-turn test with three clues, which supports the possibility of being impaired. Additionally, the record reflects Perez' wife told Trooper Morris she had not been drinking and that Perez "didn't have that much to drink." The district court found Perez' wife's statement weighed

4

heavy in its finding that Trooper Morris had reasonable grounds to request the breath test since Perez had denied consuming alcohol. Under the totality of the circumstances standard, Trooper Morris had reasonable grounds to request breath testing.

Despite Perez' performance on the one-leg-stand test, there is substantial competent evidence supporting the district court's finding Trooper Morris had reasonable grounds to request Perez perform a breath test. Trooper Morris smelled an odor of alcohol and detected bloodshot eyes. Likewise, Perez' performance on the walk-and-turn test indicated possible impairment. Furthermore, Perez' wife indicated Perez "didn't have that much to drink" after Perez told Trooper Morris he had not been drinking. A reasonable person could accept this evidence as being adequate to conclude Trooper Morris had reasonable grounds to request Perez submit to a breath test.

Affirmed.